**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5106-17T3

ANDRE JONES,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted June 18, 2019 – Decided July 8, 2019

Before Judges Koblitz and DeAlmeida.

On appeal from the New Jersey Department of Corrections.

Andre Jones, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Andre Jones, a State inmate, appeals from a Department of Corrections (DOC) finding that he was guilty of prohibited act *.002/*.803, attempting to assault another person, in violation of N.J.A.C. 10A:4-4.1(a)(1)(ii) and (xiv). We affirm the adjudication of guilt. However, because we conclude the hearing officer failed to articulate appropriate reasons for the sanctions imposed, as required by N.J.A.C. 10A:4-9.17(a) and Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378-79 (App. Div. 2016), we remand for reconsideration of the sanctions.

On June 6, 2018, Jones was performing extra duty for a prior disciplinary infraction when he became argumentative with, and took a fighting stance toward, a corrections officer. Jones attempted to strike the officer with a closed fist and remained combative as the officer and other custody staff members attempted to restrain him. Ultimately, officers subdued Jones with mace spray and handcuffs. The following day, an officer served Jones with written disciplinary charges.

At the subsequent hearing, Jones requested and received the assistance of counsel substitute. He pleaded not guilty. Jones denied being the aggressor and testified that he was harassed and assaulted by the officers without provocation.

After considering Jones's testimony and the written statements of several corrections officers, a hearing officer adjudicated Jones guilty. The hearing officer imposed sanctions of 181 days in administrative segregation, a ninety-day loss of commutation time, and a ten-day loss of recreation privileges. In addition, the hearing officer imposed previously suspended sanctions for a prior disciplinary offense of thirty days in administrative segregation and a thirty-day loss of commutation time.

The findings and sanctions were reviewed and affirmed by the DOC. The Assistant Superintendent who issued the final determination stated: "DOC is in compliance with procedural safeguards. The sanction is appropriate to the charge. No leniency will be afforded to you."

This appeal followed. Jones argues that the determination of guilt is not supported by substantial evidence and that his counsel substitute was ineffective during the disciplinary hearing and administrative appeal.

Our role in reviewing a prison disciplinary decision is limited. Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010). In general, the decision must not be disturbed on appeal unless it was arbitrary, capricious, unreasonable, or lacked the support of "substantial credible evidence in the

record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citation omitted).

We will not, however, "perfunctorily review and rubber stamp the agency's decision." Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003). "Instead, we insist that the agency disclose its reasons for any decision, even those based upon expertise, so that a proper, searching, and careful review by this court may be undertaken." Ibid.

"A finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). We are satisfied Jones was afforded all of his due process rights regarding the hearing as articulated in Avant v. Clifford, 67 N.J. 496, 525-33 (1975). In addition, the hearing record contains substantial credible evidence supporting the hearing officer's finding of guilt, which was based largely on the hearing officer's credibility determinations.

Jones was deprived, however, of an articulation of the reasons for the imposed sanctions. Id. at 533. Attempting to assault any person is a Category A offense. N.J.A.C. 10A:4-4.1(a)(1)(ii) and (xiv). The authorized sanctions for Category A offenses range from a minimum of 181 days to a maximum of 365 days in administrative segregation and one or more of the sanctions listed at

N.J.A.C. 10A:4-5.1(e).  Ibid.  Jones was sanctioned with 181 days in administrative segregation, a ninety-day loss of commutation credits, and a ten-day loss of recreation privileges.  The term in administrative segregation is the minimum sanction of that type that may be imposed for Jones's offense.  The additional sanctions exceed the minimum but are below the maximum sanctions permitted by N.J.A.C. 10A:4-5.1(e).  When an inmate receives sanctions above the minimum permitted, the hearing officer must provide individualized reasons for the specific sanctions imposed.  Mejia, 446 N.J. Super. at 378-79; Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 97-98 (App. Div. 2018).  The hearing officer must articulate the factors considered in the imposition of sanctions, so we may perform our review of "whether a sanction is imposed for permissible reasons."  Mejia, 446 N.J. Super. at 379; see also N.J.A.C. 10A:4-9.17(a) (providing factors to individualize particular sanctions).

Under "reasons for sanction," the hearing officer wrote: "Inmate must be held accountable for actions.  To deter violence toward staff, while promoting a safe, secure & orderly facility."  These findings are justifications generally for imposing sanctions on an inmate who attempts to assault a corrections officer. They are not, however, an explanation of why the specific sanctions imposed on Jones, from the range of authorized sanctions, were appropriate based on

individual considerations. We therefore remand for a reconsideration of the imposed sanctions. Appropriate reasons for the sanctions must be articulated using the factors listed in the administrative code.

The adjudication of guilt is affirmed. The sanctions imposed are vacated and the matter is remanded for reconsideration of sanctions. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5106-17T3